UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND BOWLES, | ) |
| Petitioner, | ) |
| | ) Cause No. 3:05-CV-287 PS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Raymond Bowles, a *pro se* prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. The petitioner is serving a forty-five year sentence for his 1999 Marion County convictions for attempted rape and burglary. The respondent asserts that the petition is untimely and that the petitioner has procedurally defaulted the issues he seeks to raise. The petitioner has not filed a traverse. Because Bowles's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the court must deny this petition.

## BACKGROUND

On March 19, 1999, Bowles was sentenced, in the Marion Superior court, to concurrent sentences of forty-five years for attempted rape and fifteen years for burglary. (Respondent's Exhibit A, pg. 12). Bowles did not file a direct appeal. He filed a petition for post-conviction relief on August 24, 2000. (Respondent's Exhibit A, pg. 14). On November 17, 2004, the Indiana Court of Appeals affirmed the conviction and sentence. (Respondent's Exhibit C). The Indiana Supreme Court denied transfer on February 17, 2005. (Respondent's Exhibit B, pg. 4). Bowles filed this petition on May 5, 2005.

DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). In the circumstances presented in this petition, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.§2244(d)(1)(A).

Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

For purposes of calculating the limitation period, the Court must determine when Bowles's direct criminal appeal was, or would have been, concluded. Bowles's judgment of conviction became final on April 18, 1999, when the time to seek an appeal in the Indiana Court of Appeals expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Bowles had until April 19, 2000 to file either his petition for writ of habeas corpus or a state petition for post conviction relief which would toll the statute of limitations. 28 U.S.C.§ 2244(d)(1)(A).

Bowles did file a petition for state post-conviction relief, but not until August 24, 2000. That state proceeding did not toll the statute of limitations because it was filed after the statute of limitations had already run. Bowles has not presented any argument that he was unable to raise the the claims he seeks to present to this court because of any impediment created by the state, nor are the claims founded on new law made retroactively applicable to cases on collateral review or founded on facts that could not previously have been discovered with the exercise of due diligence. Accordingly, Bowles's petition for writ of habeas corpus is untimely and his claims are time-barred.

For the foregoing reasons, the court the court **DENIES** this petition pursuant to 28 U.S.C. § 2244(d)(1).

**SO ORDERED**.

DATED: November 16, 2006

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court